Argued and submitted October 7, affirmed December 1, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

OSCAR GUADALUPE ALVAREZ-LOPEZ,
aka Oscar Guadalupe Alvarez,
aka Oscar Alvarez-Lopez,
aka Oscar G. Alvarez-Lopez,
aka Oscar G. Alvarezlopez,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR54543; A173541

501 P3d 1141

Angela F. Lucero, Judge.

Nora Coon, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for one count of fourth-degree assault. On appeal, he assigns error to the trial court's denial of his motion for a judgment of acquittal, arguing that the state failed to offer sufficient evidence that the victim suffered substantial pain as a result of defendant's conduct. We reject that assignment of error without discussion.

Defendant also assigns error to the court's denial of his pretrial motion to allow him to question the victim about her familiarity with U visas. According to defendant, based on his offer of proof, he should have been permitted to ask the victim about "her knowledge regarding the existence of a U visa and that the victims of domestic violence qualify for a U visa." *See State v. Del Real-Galvez*, 270 Or App 224, 346 P3d 1289 (2015) (holding that the defendant should have been allowed to offer evidence that the victim's noncitizen mother had applied for a U visa to remain in the United States and based her application on the defendant's alleged crimes against the victim, and that the victim knew about her mother's immigration status and knew that alleging sexual abuse could help her mother obtain a U visa); *State v. Valle*, 255 Or App 805, 298 P3d 1237 (2013) (holding that the defendant laid a sufficient foundation for the admission of evidence that the victim, who was not a United States citizen, had applied for a U visa on the ground that she had been abused).

We affirm the trial court's ruling. We acknowledge that the record suggests that the trial court may have accepted the prosecutor's incorrect argument that, under our case law, a party cannot inquire about a witness's knowledge of and eligibility for a U visa unless the application for the visa has already been filed. That is not what our case law holds. *See State v. Hernandez*, 269 Or App 327, 332, 344 P3d 538 (2015) (concluding that "evidence regarding whether [the witness] intended to apply for a U visa was relevant to whether she had a particular personal interest in the outcome of the case. Therefore, defendant was entitled to ask her whether she intended to apply for a U visa."); *Del Real-Galvez*, 270 Or App at 230 ("'[A]ll defendant had to do

to lay a sufficient foundation was show that the evidence was relevant, and, to do that, all he had to show was that the evidence had a tendency, however slight, to demonstrate that [the witness] had a personal interest in testifying against him.'" (Quoting *Valle*, 255 Or App at 814.)).

Ultimately, though, the court ruled that defendant had failed to establish a sufficient foundation to show that the victim's knowledge of the U visa had any bearing on her credibility in this case, and that ruling was correct. Because of the way that defendant limited his offer of proof, the record does not include even basic facts about the victim's potential eligibility for a U visa. Without those minimal foundational facts, the record does not allow for the nonspeculative inference that the victim's knowledge about U visas would supply a motive for the victim to testify in a particular way. The trial court, therefore, did not err in excluding the evidence.

Affirmed.